IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Anthony Herron | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Midland Credit Management, Inc. | ) | |
| 2365 Northside Drive, Suite 300 | ) | |
| San Diego, CA 92108 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Anthony Herron, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Midland Credit Management, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff, Anthony Herron (hereinafter "Plaintiff") incurred an

obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

8. Plaintiff is a resident of the State of Illinois.
9. Defendant, Midland Credit Management, Inc.. ("Defendant"), is a California business entity with an address of 2365 Northside Drive, Suite 300, San Diego, CA 92108 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
10. Unless otherwise stated herein, the term "Defendant" shall refer to Midland Credit Management, Inc..
11. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

12. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
13. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

## ALLEGATIONS

14. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $3485.60 (the "Debt") to an original creditor (the "Creditor")
15. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
16. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
17. On April 8, 2020, Defendant mailed a dunning letter to Plaintiff a

    collection letter. See Exhibit A.
18. Plaintiff received said letter on or about April 13, 2020.
19. Said letter stated "[A]fter numerous attempts to contact you regarding this account, Midland Credit Management, Inc. will transition your account into the attorney review process after 5/8/2020. Pay online at Midlandcredit.com or call 877-735-2749." See Exhibit.
20. Below that, said letter stated "[I]f your account is moved to an attorney or legal firm, the MCM Pre-Legal Department will be unable to offer a flexible payment arrangement or stop any potential litigation process." See Exhibit.
21. Defendant's statements as described in paragraphs 20 are both false and misleading.
22. In fact, one Court in the Northern District of Illinois stated that letters that use language, like the Defendant did here, in so far as stating that flexible payment plans "will" not be available if the account goes to an Attorney are "false on their face." *Ramirez v. Midland Funding, LLC*, 17-cv-02626, (N.D. Ill. 2020)
23. Plaintiff would believe, and the unsophisticated consumer would believe, that Defendant was threatening to no longer allow settlement or payment for an amount less than the full balance once the account is forwarded to an attorney.
24. In fact, Defendant routinely offers flexible payment options after forwarding an account to an attorney.
25. It is the practice and pattern of Defendant to always offer flexible payment options, even once a lawsuit has been commenced.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
27. Defendant threatened an action that it did not intend to take, in violation of 15 U.S.C. Section 1692e(5), when it stated to Plaintiff

that once her account was forwarded to an attorney, flexible payment options would no longer be available.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff